UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA JINRIGHT, et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:17CV01849 ERW |
| | ) | |
| JOHNSON & JOHNSON, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Johnson & Johnson and Johnson & Johnson Consumer Incorporated's Motion to Dismiss Plaintiffs' Claims for Lack of Personal Jurisdiction and Improper Venue [ECF No. 4], Defendants Johnson & Johnson and Johnson & Johnson Consumer Incorporated's Motion to Stay [ECF No. 7], Plaintiffs' Emergency Motion to Remand [ECF No. 14], and Defendant Imerys Talk America, Incorporated's Motion and Suggestions in Support to Dismiss Plaintiffs' First Amended Petition for Lack of Personal Jurisdiction [ECF No. 25].

**I.    BACKGROUND**

On June 1, 2017, Plaintiffs[1] initiated this lawsuit in the Circuit Court of St. Louis City. Plaintiffs filed an amended petition on June 19, 2017, alleging Defendants Johnson & Johnson, Incorporated, Johnson & Johnson Consumer Companies, Incorporated, and Imerys Talc

---

[1] There are 83 plaintiffs in this matter from Texas, California, Louisiana, Tennessee, Pennsylvania, Florida, Wisconsin, New Jersey, Rhode Island, Ohio, Kentucky, Iowa, Georgia, Oklahoma, Massachusetts, Michigan, New York, South Carolina, West Virginia, Missouri, Alabama, Virginia, Illinois, New Hampshire, Nevada, Indiana, Vermont, Oregon, Arizona and Mississippi.

America, Incorporated's[2] negligent, willful and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and sale of products known as Johnson & Johnson Baby Powder and Shower to Shower caused Plaintiffs to develop ovarian cancer. Plaintiffs assert 16 counts against Defendants: (1) Violation of Missouri Merchandizing Practices Act against Johnson & Johnson; (2) Strict Liability for Failure to Warn against Imerys; (3) Strict Liability for Failure to Warn against Johnson & Johnson; (4) Strict Liability for Defective Manufacture and Design against Imerys; (5) Strict Liability for Defective Manufacture and Design against Johnson & Johnson; (6) Negligence against Imerys; (7) Negligence against Johnson & Johnson; (8) Breach of Express Warranty against Johnson & Johnson; (9) Breach of Implied Warranties against Johnson & Johnson; (10) Civil Conspiracy against Defendants; (11) Concert of Action against Defendants; (12) Fraud against Johnson & Johnson; (13) Negligent Representation against Defendants; (14) Wrongful Death against Defendants; (15) Punitive Damages against Defendants; and (16) Damages against Defendants.

On June 29, 2017, Defendants removed the matter to this Court on the basis of diversity jurisdiction. Subsequent to removal, Defendants filed two Motions to Dismiss and a Motion to Stay. Plaintiffs filed a Motion to Remand.

For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiffs' Amended Petition. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). Two of the 83 plaintiffs in this case, Tina Gill and Peggy Waddle, citizens of Missouri, applied talcum powder in Missouri, and developed ovarian

---

[2] Throughout the opinion, the Court will refer to Johnson & Johnson, Incorporated and Johnson and Johnson Consumer Companies Incorporated as "Johnson & Johnson" and Imerys Talc America Incorporated as "Imerys". When using "Defendants", the Court is referring to both Johnson & Johnson and Imerys.

cancer in Missouri. Plaintiff Gretchen Zurligen,[3] a citizen of Oregon, applied talcum powder in Missouri and developed ovarian cancer in Missouri. Plaintiff Rebecca Jinright, a citizen of Texas, applied talcum powder in Missouri. The remaining 79 plaintiffs have no connection to the state of Missouri. Plaintiff Cathleen Acker, among others, is a citizen of California. Plaintiff Constance Aparicio, among others, is a citizen of New Jersey. Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey. Imerys is a Delaware corporation with its principal place of business in California.[4]

## II. ORDER OF THE MOTIONS

In their various motions, responses, and replies, the parties argue the merits of the issues, but also assert arguments regarding which motion should be decided first. Plaintiffs argue their Motion to Remand and a determination of subject matter jurisdiction should be addressed by the Court before Defendants' Motions to Dismiss and issues of personal jurisdiction. Defendants argue the opposite.

"Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter" of a case before addressing personal jurisdiction issues. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). However, there are circumstances in which a court may first address personal jurisdiction, such as when personal jurisdiction is straightforward while subject matter jurisdiction is "difficult, novel, or complex." *Id*. at 588. Recent decisions by the United States and Missouri Supreme Courts make the personal jurisdiction issue in this case much easier to decide. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cty.*, 137 S.Ct. 1773 (2017); *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41 (Mo. 2017); *Siegfried v. Boehringer*

---

[3] Gretchen Zurligen's claims are brought by Lyndell Zurligen in his individual capacity and as representative of Gretchen Zurligen's estate.
[4] Plaintiffs' Amended Petition contains many other facts which the Court does not include because they are not relevant to the issues raised in the pending motions.

*Ingelheim Pharm., Inc.*, No. 4:16CV1942 CDP, 2017 WL 2778107 at *2 (E.D. Mo. Jun. 27, 2017).

The personal jurisdiction question is straightforward. Remanding this case for lack of complete diversity only to have the case removed again later once the non-Missouri plaintiffs are dismissed, would be a waste of judicial resources. Ruling personal jurisdiction first is in the interests of judicial economy and expeditiousness. Therefore, this Court will first address the motions to dismiss before the motion to remand.

### III. MOTIONS TO DISMISS

Defendants assert, in their Motions to Dismiss, all of the claims for Plaintiffs not from Missouri, the non-resident Plaintiffs, must be dismissed for lack of personal jurisdiction. Defendants argue there are no allegations connecting the remaining Plaintiffs' claims to Missouri. Further, Defendants contend they also have no connections to Missouri. Plaintiffs assert the matter should be remanded to state court for additional discovery on the issue of specific personal jurisdiction. Plaintiffs contend evidence exists manufacturing, packaging, and mislabeling of Johnson & Johnson talc products used by Plaintiffs took place in Missouri.

*A. Standard*

"A federal court may exercise jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (internal quotations and citation omitted). Because the Missouri long-arm statute is construed as extending personal jurisdiction to the fullest extent permitted by the Fourteenth Amendment's Due Process Clause, *see J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. 2009) (en

banc), the Court's jurisdictional inquiry is limited to determining whether asserting personal jurisdiction over the defendant comports with due process. *See* Mo. Rev. Stat. § 506.500.

Where personal jurisdiction is controverted, the party asserting jurisdiction bears the burden of establishing a prima facie case that jurisdiction exists. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006). Thus, "[t]o survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) (internal citation omitted). "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (internal quotations and citation omitted). Personal jurisdiction can be established through either general or specific jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).

B.      *General Jurisdiction*

General jurisdiction is a court's power to hear any matter in which the party is involved. *Yaeger v. Wyndham Vacation Resorts*, No. 4:14-CV-795-JCH, 2014 WL 3543426 at *2 (E.D. Mo. Jul. 17, 2014). General jurisdiction is always present in the corporation's domicile, which is its place of incorporation and its principal place of business. *Daimler AG*, 134 S. Ct. at 760. The test for establishing general jurisdiction outside of the corporation's domicile is whether the corporation's contacts with the state are so "continuous and systematic" as to make it essentially at home in the forum state. *Id*. at 761.

It is clear Plaintiffs have not established general jurisdiction over Defendants in Missouri. Defendants are incorporated in Delaware and New Jersey, and have their principal places of business in New Jersey and California. Further, simply doing continuous and systematic business

5

in a state is not enough to establish general jurisdiction. *Daimler A.G..* 134 S. Ct. at 760-61. There are no allegations Defendants maintained an office in Missouri, or has employees here, or any other facts, which would suggest Defendants are at home in Missouri. *See Neeley v. Wolters Kluwer Health, Inc.*, No. 4:11-CV-325, 2013 WIL 3929059 at *4 (E.D. Mo. Jul. 29, 2013). Plaintiffs' allegations simply state Defendants distributed, marketed, promoted, and sold talcum products in St. Louis and Missouri. This is not enough to establish general jurisdiction as outlined in *Daimler*. *See Beard v. Smithkline Beecham Corp.*, No. 4:15-CV-1833 RLW, 2016 WL 1746113 at *2 (E.D. Mo. May 3, 2016).

      C.      *Specific Jurisdiction*

Specific jurisdiction is a court's power over the party as it relates to the specific matter before it. *Yaeger*, 2014 WL 3543426 at *2. A court may not have power over the defendant for all claims, but it can have power over it with regard to specific claims, because of the relationship between the defendant, forum, and the litigation. *Daimler AG*, 134 S. Ct. at 758. To establish specific jurisdiction "[t]he suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (internal quotations omitted). The Eighth Circuit has identified five factors to establish a substantial connection with a forum state: (1) nature and quality of the contacts with the forum state; (2) quantity of the contacts, (3) relation of the cause of action to those contacts, (4) interest of the forum state in providing a forum for its residents, and (5) convenience of the parties. *Keeley v. Pfizer Inc.*, No. 4:15-CV-00583 ERW, 2015 WL 3999488 at *3 (E.D. Mo. Jul. 1, 2015) (citing *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006)). The specific personal jurisdiction inquiry must be conducted separately for the claims of each individual plaintiff. *In re Testosterone Replacement Therapy Prods. Liab.*, 164 F. Supp. 3d at 1047.

In *Bristol-Myers*, a group of plaintiffs, consisting of California residents and non-California residents, filed suit in California alleging a pharmaceutical drug called Plavix caused injuries to the plaintiffs. 137 S. Ct. at 1778. The nonresident plaintiffs did not allege they were injured by Plavix or were treated for their injuries in California. *Id*. Nor did they allege California physicians, or any other California source, provided the drug. *Id*. The Supreme Court held there was no personal jurisdiction over the defendant, who was incorporated in Delaware and headquartered in New York. *Id*. at 1777, 1781-82. The Supreme Court stated:

> As noted, the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims. As we have explained, 'a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction" . . . What is needed – and what is missing here – is a connection between the forum and the specific claims at issue.

*Id*. at 1781. (internal citations omitted, emphasis original). Further, the Supreme Court found "the relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. In addition, as in *Walden*,[5] all the conduct giving rise to the nonresidents' claims occurred elsewhere." *Id*. at 1782.

This Court faces the same situation as the Supreme Court did in *Bristol-Myers*. The nonresident Plaintiffs do not allege they purchased Defendants' products in Missouri, ingested or applied it in Missouri, or were injured in Missouri. They also are not citizens of Missouri. Plaintiffs have not alleged any facts which connect the claims of nonresident Plaintiffs with Defendants' Missouri contacts. In fact, there are no allegations in the Amended Petition regarding Defendants contacts in Missouri, if any. No allegations have been included regarding the nature and quality of the contacts with the forum state, the quantity of the contacts, or the

---

[5] *Walden v. Fiore*, 134 S. Ct. 1115 (2014).

relationship between Plaintiffs' claims and those contacts. There are simply no facts connecting nonresident Plaintiffs to the State of Missouri.

Plaintiffs argue they need additional time to conduct discovery into Johnson & Johnson's contacts with Missouri to establish specific personal jurisdiction. Specifically, Plaintiffs state there is evidence Imerys sends their raw talc, with a Material Safety Data sheet warning of the risk of ovarian cancer, to Pharma Tech Industries in Union, Missouri, where, at the direction of Johnson & Johnson, the warning is cast aside and the talc is processed, bottled and labeled without warning, creating the defect in Missouri. Defendants assert Plaintiffs have not included any of these allegations in their Amended Petition so they cannot be considered in determining personal jurisdiction. Even if the Court could consider this evidence, Defendants state, it does not establish specific personal jurisdiction.

The evidence presented by nonresident Plaintiffs does not establish personal jurisdiction over Defendants, because it does not establish a connection between Plaintiffs' injuries, the products which caused the harm in this matter, and Defendants' contacts in Missouri. In *Brisol-Myers*, the plaintiffs attempted to establish personal jurisdiction by arguing the defendant contracted with a California company, McKesson, to distribute Plavix nationally. 137 S. Ct. at 1783. The Supreme Court found "the bare fact that [Bristol-Myers] contracted with a California distributor is not enough to establish personal jurisdiction in the State." *Id*. Further, it stated "it is not alleged that [Bristol-Myers] engaged in relevant acts together with McKesson in California. Nor is it alleged that [Brisol-Myers] is derivatively liable for McKesson's conduct in California. And the nonresidents have adduced no evidence to show how or by whom the Plavix they took was distributed to the pharmacies that dispensed it to them." *Id*.

Here, Plaintiffs have not alleged Johnson & Johnson acted together with Pharma Tech,

8

nor have they established, in any manner, that Pharma Tech is an agent of Johnson & Johnson such that Johnson & Johnson would be liable for Pharma Tech's conduct. None of the evidence presented creates a connection between nonresident Plaintiffs' injuries in this matter, the Johnson & Johnson products used by nonresident Plaintiffs, and what was manufactured by Pharma Tech. As the Supreme Court stated in *Bristol-Myers*, "[t]he primary focus of our personal jurisdiction inquiry is the defendant's relationship to the forum state" and "a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction." *Id*. at 1779, 1781. Nonresident Plaintiffs have failed to sufficiently show Defendants' relationship with Missouri to create jurisdiction over Defendants. All they have shown is a connection with a third party in Missouri. This is not enough to create specific jurisdiction for nonresidents' claims.

## IV. MOTION TO REMAND

In their Motion to Remand, Plaintiffs assert the Court lacks subject matter jurisdiction because there is a lack of complete diversity. Because the Court will grant dismissal of nonresident Plaintiffs' claims, the remaining Plaintiffs and Defendants are diverse from one another and the Court has subject matter jurisdiction. Plaintiffs' Motion to Remand will be denied.

## V. MOTION TO STAY

Finally, in their Motion to Stay, Defendants assert the Court should stay this matter pending transfer of the case to multidistrict litigation. The Court will stay this matter pending transfer of the case to multidistrict litigation to conserve judicial resources and promote efficiency.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Johnson & Johnson and Johnson &

Johnson Consumer Incorporated's Motion to Dismiss Plaintiffs' Claims for Lack of Personal Jurisdiction and Improper Venue [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Johnson & Johnson and Johnson & Johnson Consumer Incorporated's Motion to Stay [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Emergency Motion to Remand [ECF No. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Imerys Talk America, Incorporated's Motion and Suggestions in Support to Dismiss Plaintiffs' First Amended Petition for Lack of Personal Jurisdiction [ECF No. 25] is **GRANTED**.

**IT IS FURTHER ORDERED** that claims asserted by Plaintiffs, except for those asserted by Plaintiffs Rebecca Jinright, Tina Gill, Peggy Waddle, and Lyndell Zurligen, individually and in his capacity as representative of the Estate of Gretchen Zurligen shall be **DISMISSED**, **without prejudice**.

Dated this 30th Day of August, 2017.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE